# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY WILSON, Regional Director of the Sixth Region of the NATIONAL LABOR RELATIONS BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | No. 4:20-CV-00524 |
| | (Judge Brann) |
| Petitioner, | |
| v. | |
| JERSEY SHORE STEEL CO., | |
| Respondent. | |

## ORDER

**AND NOW**, this 29th day of April 2020, in accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. The Regional Director of the Sixth Region of the National Labor Relations Board's Petition for Injunction under Section 10(j) of the National Labor Relations Act, as Amended (Doc. 1) is **GRANTED**.

2. Respondent Jersey Shore Steel Co., as well as its officers, representatives, agents, servants, employees, attorneys, successors and assigns and all persons acting in concert or participation with it or them, is enjoined and restrained, pending final disposition of the matters involved herein pending before the Board, from:

    a. Withdrawing recognition from the Union;

b. Failing and refusing to bargain in good faith with the Union as the exclusive collective bargaining representative of the unit employees in Montoursville, Pennsylvania;

c. Discharging, suspending, or otherwise discriminating against employees because they support or assist the Union or engage in concerted activities;

d. Disparaging the Union to its employees;

e. Threatening or impliedly threatening employees with various reprisals if they support or assist the Union;

f. Informing employees that it would set terms and conditions of employment without regard to their collective bargaining obligations;

g. Soliciting employees to withdraw from their Union membership;

h. Bypassing the Union and dealing directly with employees concerning their terms and conditions of employment;

i. Unilaterally, without first providing the Union with notice and the opportunity to bargain, implementing and/or making changes to the terms and conditions of employment of employees in the Unit that are mandatory subjects for the purposes of collective bargaining;

    j.     Failing and refusing to bargain in good faith with the Union by failing and refusing to provide the Union with the information it has requested;

    k.    Future violations of Sections 8(a)(1), (3) and (5) of the Act; and

    l.     In any other manner, interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed in Section 7 of the Act.

3.    Respondent Jersey Shore Steel Co., as well as its officers, representatives, agents, servants, employees, successors and assigns and all persons acting in concert or participation with it or them, is directed to, pending final disposition of the matters involved herein pending before the Board, take the following affirmative actions:

    a.    Immediately recognize and, upon request, bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit employees in Montoursville, Pennsylvania;

    b.    Within five (5) days of this Order, offer Adrian Brown, Ryan Stout and Zachary Taylor interim reinstatement to their former positions; or, if those positions no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and privileges previously enjoyed, displacing, if

       necessary, any employee who may have been hired or reassigned to replace them;

c.     Within ten (10) days of this Order, rescind the suspensions issued to Adrian Brown, Ryan Stout and Zachary Taylor, and do not rely on those suspensions when issuing any future discipline;

d.     Within five (5) days of any Union request, rescind any or all of the unilaterally implemented changes to employees' wages, hours, and other terms and conditions of employment; the employees may retain the unilaterally granted wage increase;

e.     Within twenty (20) days of this Order, provide the Union with the outstanding requested information;

f.     Within five (5) days of this Order, post copies of this Order at Respondent's Montoursville, Pennsylvania facility where notices to employees are customarily posted; said posting shall be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements; all unit employees shall have free and unrestricted access to said postings; and

    g.    Within twenty (20) days of this Order, file with this Court, with a copy submitted to the Regional Director of Region 6 of the Board, a sworn affidavit from a responsible Respondent official setting forth, with specificity, the manner in which Respondent has complied with the terms of this decree, including how it has posted the documents required by this Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge